```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

PATRICIA CAMPANILE, et al.      :      CIVIL ACTION
                                :
         v.                     :
                                :
THE HANOVER INSURANCE COMPANY   :      NO. 25-3028

## MEMORANDUM

Bartle, J.                                        August 13, 2025

      Plaintiffs Patricia and Christopher Campanile originally brought this action against defendant Hanover Insurance Company ("Hanover") their insurer, in the Court of Common Pleas of Philadelphia County.  Hanover timely removed the action based on diversity of citizenship.  Plaintiffs allege that Hanover breached the terms of their insurance policy (Count I) and acted in bad faith under 42 Pa. Cons. Stat. § 8371 in denying them payment for a property loss (Count II).  Plaintiffs amended their complaint as a matter of right on June 30, 2025 (Doc. # 12).

      Before the court is the motion of Hanover to dismiss plaintiffs' bad faith claim (Count II) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. # 16).

I

      For present purposes, the court must accept as true all well-pleaded facts in plaintiffs' amended complaint. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The court

may also consider "exhibits attached to the complaint and matters of public record." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (citing 5A Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)). When there is a document "integral to or explicitly relied upon in the complaint," it may also be considered as there is no concern of lack of notice to the plaintiff. See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (quoting In re Burlington Coat Factory Secs. Litig., 114 F.3d 1410, 1426 (3d Cir. 1993) (quotation marks omitted)).

Plaintiffs must allege sufficient factual content to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The pleading must contain more than "labels and conclusions." Twombly, 550 U.S. 545. It must plead more than "a formulaic recitation of the elements of a cause of action" or "naked assertions devoid of further factual enhancement." Ashcroft, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555) (internal quotations and alterations omitted).

II

Hanover issued an insurance policy covering plaintiffs' residence in West Chester, Pennsylvania. Plaintiffs allege that on July 4, 2024, the property suffered "direct physical loss and damage to the insured Property believed to be

the result of a peril insured against under the Policy, resulting in damage to the insured premises."

Plaintiffs allege that they provided Hanover with notice of the damage in a "prompt and timely" manner and otherwise fully complied with the terms and conditions set forth in their policy. Hanover has refused to pay plaintiffs for damages suffered in connection with the direct physical loss. In their denial letter, which was attached as an exhibit to plaintiffs' amended complaint, Hanover states that "it was determined that a hired contractor was faulty in allowing [concrete silica] dust to travel throughout the home." As Hanover's policy excludes coverage for damage caused by pollutants or as a result of defective workmanship, it denied plaintiffs' insurance claim.

Plaintiffs maintain that Hanover has "claim[ed] that silica dust caused the loss . . . despite knowing that there was no evidence of the presence of silica dust." They also state that plaintiffs are unable to reside in their own home due to this damage.

They further make many conclusory assertions that Hanover engaged in bad faith conduct. These allegations include that Hanover: "intentionally sen[t] correspondence falsely representing that Plaintiffs' loss caused by a peril insured against under the Policy was not entitled to benefits due and

owing under the Policy"; "fail[ed] to complete a prompt and thorough investigation of Plaintiffs' claim before representing that such claim is not covered"; "fail[ed] to pay Plaintiffs' covered loss"; "fail[ed] to objectively and fairly evaluate Plaintiffs' claim"; and "conduct[ed] an unfair and unreasonable investigation of Plaintiffs' claim."

III

The Pennsylvania bad faith statute, 42 Pa. Cons. Stat. § 8371, states that:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
> (2) Award punitive damages against the insurer.
> (3) Assess court costs and attorney fees against the insurer.

The statute does not define bad faith.

The Superior Court of Pennsylvania explained that to prevail on a bad faith claim under Section 8371, a plaintiff must prove by clear and convincing evidence that the insurer: (1) did not have a reasonable basis for denying benefits under the policy; and (2) knew or recklessly disregarded its lack of reasonable basis in denying the claim. Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994).

The statute protects against any instances of bad faith by an insurer occurring during its handling of the claim. O'Donnell v. Allstate Ins. Co., 734 A.2d 901, 906 (Pa. Super. Ct. 1999). It also encompasses a broad range of insurer conduct, including unreasonable delay in evaluating claims, failure to communicate with the insured, frivolous refusal to pay, inadequate investigation into the factual basis of the insurance claim, and failure to conduct legal research concerning coverage. Cohen v. State Auto Prop. & Cas. Co., Civ. A. No. 00-3168, 2001 WL 120145, at *2 (E.D. Pa. Feb. 8, 2001) (citing Frog, Switch & Mfg. Co., Inc. v. Travelers Ins. Co., 193 F.3d 742, 751 n.9 (3d Cir. 1999)).

To survive a motion to dismiss, plaintiffs must make specific factual allegations demonstrating what defendant's conduct was, and why such conduct was in bad faith. See Krantz v. Peerless Indem. Ins. Co., Civ. A. No. 18-3450, 2019 WL 1123150, at *4 (E.D. Pa. Mar. 12, 2019). An insurer can defeat a claim of bad faith by showing that it had a reasonable basis for its decision to deny payment or that it lacked the required intent. Id. Regarding the requisite intent, it is not necessary that the insurer's refusal to pay rises to the level of fraud. Terletsky, 649 A.2d at 688. However, mere negligence or bad judgment is not bad faith. Id.

Hanover cites <u>Atiyeh v. National Fire Insurance Co. of Hartford</u>, in which the court dismissed a claim for bad faith when plaintiffs made conclusory assertions that they had complied with the policy's maintenance requirements but failed to aver any specific facts as to how such requirements were satisfied.  742 F. Supp. 2d 591, 600 (E.D. Pa. 2010).  It also maintains that plaintiffs cannot merely assert that the insurer has no evidence that plaintiffs' losses did not occur or were unsubstantiated.  Rather, plaintiffs must make factual averments that show a lack of reasonable basis.  <u>See, e.g.</u>, <u>Kelley v. State Farm Fire & Cas. Co.</u>, Civ. A. No. 19-626, 2019 WL 2425135, at *3 (E.D. Pa. June 10, 2019).

Plaintiffs argue that they have made the necessary showing at the motion to dismiss stage and cite <u>1009 Clinton Properties, LLC v. State Farm Fire & Casualty Co.</u> in support of this proposition.  In that action, plaintiff merely asserted that its property suffered loss, that it promptly notified defendant of the damage, and that defendant refused and continues to refuse to pay plaintiff for the damage.  Civ. A. No. 18-5286, 2019 WL 1023889, at *5 (E.D. Pa. Mar. 4, 2019).  There, the court not only reviewed plaintiff's averments contained within the complaint but also considered the attached loss estimate prepared by Property Loss Advisors.  <u>See</u> Notice of Removal at 21, <u>1009 Clinton Props.</u>, Civ. A. No. 18-5286 (E.D.

-6-

Pa. Dec. 7, 2018) (Doc. # 1).  This estimate summarizes all damages alleged by plaintiff and provided further context in support of plaintiff's claim.

Plaintiffs' amended complaint is factually insufficient to support a claim of bad faith.  Plaintiffs fail to provide sufficient factual support as to why defendant's decision to reject their claim was unreasonable.  Asserting that there was no silica dust on the property is merely a legal conclusion, and plaintiffs do not even address Hanover's reason for denying coverage, that is that the damage was a result of defective workmanship.  In contrast to <u>1009 Clinton Properties</u>, the amended complaint here contains neither an adjustor's estimate nor supporting averments as why Hanover's rejection of plaintiffs' claim was unreasonable.  It is not clear from the face of the amended complaint why, how, or when plaintiffs concluded that there was no silica dust on the property.  Merely stating that the insurer's decision not to pay is wrong fails to pass muster.

Accordingly, defendant's motion to dismiss Count II of the amended complaint will be granted.